Thomas, J ustice, delivered the opinion of the court: The plaintiff in error commenced his action against the defendant in error, by petition and summons, in the Sangamon circuit court, on a promissory note for the sum of $202.05, executed by the said defendant to one John A. Lazell, or order, dated June 16, 1829, and payable one day after date; and by the said John A. Lazell assigned to the said plaintiff. To the said petition the defendant filed his ple.a, in the following words, to wit: “ Simeon Francis 1 ads. > Petition and Summons. George A. B. Lazell. ) “ And the said defendant comes and defends the wrong and injury, when, where, etc.', and says the plaintiff actio, non, because, he says, that the said note, in the said petition mentioned, was assigned to the said plaintiff by the said John A. Lazell, after the same by its terms became due; and because he says, that at the time of the making of the said note, it was, as a condition of the making of the same, agreed by said John A. Lazell and this defendant, that said note should be fully discharged by this defendant paying an amount equal thereto, for said John A. Lazell, to the firm of Collins & Hannay, to whom said John A. Lazell and this defendant then owed a joint debt of something more than six hundred dollars; and this defendant avers, that afterwards, to wit, on the day of , at, etc., he did pay an amount more than equal to the amount of said note, for said John A. Lazell, to the firm of Collins & Hannay aforesaid, by paying to said firm the whole of the debt aforesaid, one half of which, was due from said John A. Lazell, as aforesaid; and this he is ready to verify, wherefore, etc.” To this plea the plaintiff demurred generally, and the court having overruled his demurrer, and given judgment against him for costs, he now prosecutes his writ of error for the re-[*423] versal of that judgment. The only question presented for our consideration, by the assignment of errors, is as to the validity of the said plea. The objection made to it was that it alleged matter varying the terms of the note sued on, and that to sustain it would be to admit parol evidence to vary the terms of a written contract. This objection, in my opinion, is not well founded. The plea does not allege that the agreement referred to therein formed any part of the note sued on, and no proof could have been offered in support of it, varying or otherwise effecting the terms or conditions of the said note. That agreement was, as alleged by the plea, the condition on which the defendant executed the note, and not a condition of the note itself. And why should the defendant not be permitted to enjoy the benefit of such agreement? He owed John A. Lazell, the payee in the note, it is true, but he was individually liable to pay the whole of the debt due by him and the said John A. Lazell jointly, and therefore he might well have insisted, in order to protect himself against any loss that might result from his payment of said joint debt, that if he executed his note to the said John A; Lazell, it might be discharged by his paying the said joint debt. The plea discloses the fact that such agreement was made, and that in pursuance thereof, the said defendant did pay, for the said John A. Lazell, a sum of money due by him, exceeding the amount of the said note. The true import of the plea, then, is, that John A. Lazell, the payee of the note, appointed Collins & Hannay, to receive from the defendant the amount due thereon, and that the defendant did, at the request of the said John A. Lazell, pay the amount due on said note to the said Collins & Hannay, for the use of the said John A. Lazell. The plea is therefore substantially a plea of payment, and although perhaps formally defective, was properly held good on general demurrer. Note, See Bailey v. Cromwell, 3 Scam. 72; Lane v. Sharpe, 8 Scam. 573; Doyle et al. v. Teas et al. ante 366. The fact that the plaintiff is the assignee of the note does not vary the result. The note having been assigned after its maturity, the defendant is allowed by law to make the same defence against the assignee, that might have been made against the payee. The judgment of the circuit court is affirmed with costs. Judgment affirmed. After the decision of this cause, the counsel for the plaintiff in error moved the court to remand the cause, with liberty to the plaintiff to withdraw his demurrer, and take issue upon the defendant’s plea. The motion was overruled. Motion overruled.